IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKY MIGUEL LITTLE COYOTE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STACEY T. COLBRESE, ROSEBUD COUNTY MISDEMEANOR PROBATION OFFICER; ROSEBUD COUNTY MISDEMEANOR PROBATION; MONTANA STATE CAPITOL; THE WHITE HOUSE; UNITED NATION HEADQUARTERS; ROSEBUD COUNTY COMMISSIONER,<br><br>　　　　Defendants. | CV 21-125-BLG-SPW-KLD<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 5, 2022, this Court entered an order directing Mr. Little Coyote to show cause as to why this matter should not be dismissed for failure to respond to the Court's prior order, which had instructed him to file an Amended Complaint. (Doc. 13); see also, (Doc. 7.) Mr. Little Coyote was given until April 22, 2022, to respond.

Mr. Little Coyote did not respond to the substance of Court's prior orders. Instead he filed a motion seeking an additional 180 days within which to file his response. See, (Doc. 14.) Mr. Little Coyote is currently incarcerated at Montana State Prison and appears to believe all named defendants are conspiring against

1

him to make serving his custodial sentence difficult. *Id*. Attached to his motion for extension were nearly 200 pages of documents that are entirely non-responsive and/or not related to the claims presented in his initial complaint.

Mr. Little Coyote was then given additional time to comply with the Court's previous orders. (Doc. 15.) The Court advised Mr. Little Coyote that failure to respond by May 20, 2022, would result in a recommendation that this matter be dismissed for failure to prosecute and/or comply with Court orders. *Id*. at 2. Despite the extension of time, Mr. Little Coyote has failed to file a response.

i. **Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).+

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson*

v. *Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Little Coyote has failed to file an Amended Complaint and also failed to respond to this Court's show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Little Coyote refuses to comply with the Court's orders and deadlines. Mr. Little Coyote's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Little Coyote was afforded an adequate amount of time in which to prepare both his Amended Complaint and his response to the Court's order but failed to do either. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend dismissal of this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

### ii.  Conclusion

Given Mr. Little Coyote's failure to respond to this Court's orders, no further resources of the Court should be expended and the Complaint should be dismissed. Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court

should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Mr. Little Coyote has failed to prosecute this matter and/or comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCESOF FAILURE TO OBJECT

Mr. Little Coyote may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of May, 2022.

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

5