IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKY MIGUEL LITTLE COYOTE, | CV 21-125-BLG-SPW-KLD |
| Plaintiff, | |
| vs. | |
| STACEY T. COLBRESE, ROSEBUD COUNTY MISDEMEANOR PROBATION OFFICER; ROSEBUD COUNTY MISDEMEANOR PROBATION; MONTANA STATE CAPITOL; THE WHITE HOUSE; UNITED NATION HEADQUARTERS; ROSEBUD COUNTY COMMISSIONER, | ORDER |
| Defendants. | |

On August 23, 2022, this Court entered an Order dismissing Plaintiff Sky Miguel Little Coyote's ("Little Coyote") civil rights complaint based upon his failure to prosecute and failure to comply with the Court's orders. (Doc. 18.) Little Coyote did not appeal the decision. Nearly thirteen months later, however, Little Coyote filed a motion requesting the Court reconsider its dismissal order. (Doc. 20.)

1

Little Coyote suggests that officers at Montana State Prison ("MSP"), withheld certain documents from him. (*Id.* at 1.) He asserts that Defendants have interfered with his right to receive an education and must be held accountable. (*Id.* at 2.) He suggests MSP officers treat him differently than they treat white inmates. (*Id.* at 2-3.) He believes the Court should provide him legal assistance. (*Id.* at 3.)

Little Coyote cites no law or Rules of Procedure in support of his motion. Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Out of an abundance of caution, the Court will construe the motion as a request for relief from the judgment under Rule 60(b).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

Rule 60(b) provides relief from the judgment in several narrow circumstances, including "mistake," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ P. 60(b)(1)(2), (6). Little Coyote does not argue the Court made a mistake in its prior ruling, nor does he present newly discovered evidence. Similarly, he does not provide any information that would suggest fraud upon the Court or that his judgment is void. Accordingly, the Court considers his motion under the more general provision of Rule 60(b)(6).

Under Rule 60(b)(6) a motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief may only be granted where the petitioner has diligently pursued review of his claims. *Lehman v. United States*, 154 F. 3d 1010, 1017 (9th Cir. 1998)("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."). Additionally, a movant seeking relief under Ruled 60(b)(6) must show "extraordinary circumstances" justifying reopening a final judgment. *Ackerman v. United States*, 340 U.S. 193, 199 (1950). The Ninth Circuit cautioned this rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F. 3d 1097, 1103 (9th Cir. 2006).

"What constitutes a reasonable time [under Rule 60(b)(6)] depends on the facts of the case." *In re Pacific Far East Lines, Inc.*, 889 F. 2d 242, 249 (9th Cir.

3

1989). "To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in finality of the judgment, and any prejudice caused to parties by the delay." *Bynoe v. Baca*, 966 F. 3d 972, 980 (9th Cir. 2020).

In the instant matter, the Court provided Little Coyote multiple opportunities to show cause as to why the matter should not be dismissed and provided him extensions of time to file his responses. (*See e.g.*, Docs. 10, 13, 15.) Once the matter was dismissed, Little Coyote took no action for over a year. The record before the Court demonstrates that Little Coyote failed to act diligently in pursuing review of his claims. Accordingly, the motion is untimely.

But even if the Court were to find the motion timely, Little Coyote fails to demonstrate "extraordinary circumstances" warranting relief. He suggests unfair treatment at MSP but does not show how such treatment interfered with his rights to pursue this action. And while Little Coyote states MSP officials failed to timely provide him with one of the Court's orders, he was given the opportunity to respond to the show cause order and even granted additional time to do so. (*See* Doc. 15.) While Little Coyote elected not to respond to the show cause order, there is nothing in the record to suggest that he was unaware of the time within which to respond or an inability to do so. Little Coyote did, however, file a response to the

Findings and Recommendations issued by Magistrate Judge DeSoto. (*See* Doc. 17.) Thus, any delay Little Coyote may have experienced in receiving documents did not affect his ability to participate in the proceedings, much less constitute an extraordinary circumstance. The rest of the argument presented by Little Coyote in his motion relates back to claims presented in his underlying complaint. In short, the bases for relief provided by Little Coyote do not establish "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6).

Based upon the foregoing, IT IS HEREBY ORDERED that Little Coyote's Motion for Reconsideration (Doc. 20) is DENIED.

DATED this 18th day of January, 2024.

Susan P. Watters
United States District Court Judge